# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN BARNHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:15-cv-249-WTL-DKL |
| | ) |
| MED SHIELD, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT

The Plaintiff brings this action against the Defendant under the Fair Debt Collection Practices Act ("FDCPA"). This cause is before the Court on the parties' cross-motions for summary judgment. Both motions are fully briefed, and the Court, being duly advised, now **GRANTS** the Defendant's motion (Dkt. No. 43) and **DENIES** the Plaintiff's motion (Dkt. No. 45) for the reasons set forth below.

## I.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.").

When the Court reviews cross-motions for summary judgment, as is the case here, "we construe all inferences in favor of the party against whom the motion under consideration is made." *Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F.3d 615, 621 (7th Cir. 2008)

(quotation omitted). "'[W]e look to the burden of proof that each party would bear on an issue of trial.'" *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)). However, a party who bears the burden of proof on a particular issue may not rest on its pleadings, but must show what evidence it has that there is a genuine issue of material fact that requires trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation omitted).

## II.   FACTUAL BACKGROUND

In 2012, Plaintiff Steven Barnhart incurred a debt for medical services provided by Community Health Network, Inc. ("CHN"). He could not pay his bill, and his account went into default. The Plaintiff's account had an outstanding balance of $1,228.17. In December 2012, CHN retained the Defendant, a debt collection agency, to collect the debt from the Plaintiff. On March 8, 2013, the Plaintiff paid $50.68, which reduced the outstanding principal balance to $1,177.49. The Plaintiff received from counsel for the Defendant a debt collection letter dated January 29, 2014, indicating that "[t]his office has been retained by [the Defendant] to collect an outstanding balance from you, which as of JANUARY 29, 2014, was $1,177.49 principal, as well as interest to date in the amount of $101.94 for a current balance of $1279.43."[1] Dkt. No.

---

[1] The Plaintiff includes in his Statement of Material Facts Not in Dispute reference to an October 16, 2013, dunning letter and the total amount due that was listed in that letter. *See* Dkt. No. 46 at 2. He, however, has not provided the letter to the Court, and the deposition testimony to which he cites does not indicate the total amount due that was purportedly listed in the letter. Thus, this "fact" is not supported by the evidence of record and, for purposes of this Entry, is not considered by the Court.

2

43-2 at 35. On or about February 18, 2014, the Defendant provided information to TransUnion, a credit reporting agency, regarding the Plaintiff's debt. TransUnion's consumer credit report document contained, in relevant part, the following tradeline:



Dkt. No. 1-3 at 2.[2] As shown above, the TransUnion tradeline lists the "Original Amount" of the debt as $1,228, the original principal balance prior to the Plaintiff's $50.68 payment on March 8, 2013, and "Balance" and "Past Due" amounts of $1,177. *Id.*

The Defendant filed suit against the Plaintiff on April 3, 2014, in the Marion County Small Claims Court of Lawrence Township, alleging that "[the Plaintiff] is indebted to [CHN] in the sum of $1,296.47 due to an unpaid balance of: Principal $1,177.49, Interest $118.98 and attorney fees if applicable, for Medical Services provided by [CHN]." Dkt. Nos. 1-4 and 43-3 at 6. The parties agreed to the entry of judgment "for the sum of $1,177.49 and attorney fees of $450.00 and prejudgment interest of $118.98 for a total judgment of $1,746.47 plus costs and post-judgment interest at 8% per annum." Dkt. No. 43-3 at 10.

The Plaintiff filed suit in this Court on February 17, 2015, alleging that the Defendant violated the FDCPA by "mispresenting the change in the amount of the debt in its attempts to collect it from the Plaintiff." Compl. ¶¶ 2 - 5 of "First Claim for Relief." Specifically, the

---

[2] The parties do not dispute that TransUnion rounded to the nearest dollar the amounts provided to it by the Defendant.

Plaintiff contends that the Defendant provided false information to TransUnion and thus "misrepresented the amount of the debt by attempting to collect multiple amounts of the same alleged debt from the Plaintiff, as well as reporting a different amount due on the alleged debt to a credit reporting agency in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692f." Dkt. No. 46 at 1.

### III. DISCUSSION

The FDCPA generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692 *et seq*. The Court will find a triable issue of fact if the Defendant's communication is confusing or unclear on its face. *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir.2004). The FDCPA "requires, among other things, that any dunning letter by a debt collector state 'the amount of the debt' that [it is] trying to collect." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004) (citing 15 U.S.C. § 1692g(a)(1); *Chuway*, 362 F.3d at 946-47; *Miller v. McCalla, Rayner, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000)). However, "[i]t is not enough that [it] state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway*, 362 F.3d at 948 (citations omitted).

Here, the Plaintiff does not allege that a dunning letter is confusing; rather, he argues that, because the Defendant provided false, thus, misleading information to TransUnion, TransUnion's tradeline's "Balance" and "Past Due" amounts do not accurately reflect the amount of the debt as of the date that the Defendant provided debt information to TransUnion.[3] Dkt. No. 46 at 10.

---

[3] "For the FDCPA to apply, [] two threshold criteria must be met. First, the defendant must qualify as a 'debt collector,' . . . . Second, the communication by the debt collector that forms the basis of the suit must have been made 'in connection with the collection of any debt.'"

4

The Court reviews such communications from the "'standpoint of the so-called unsophisticated consumer or debtor.'" *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006) (quoting *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005)). When a plaintiff alleges that the defendant made a false statement in a communication, the Seventh Circuit has explained that the plaintiff bears the burden of proving that the false statement would mislead or deceive the unsophisticated consumer:

> The "unsophisticated consumer" isn't a dimwit. She may be "uninformed, naive, [and] trusting," *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003), but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences," *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA-even if it is false in some technical sense. . . . [S]he has to show that it would mislead the unsophisticated consumer.

*Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009); *see also Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009) ("Whether [statements in a notice] were false or not, [the plaintiff] had to prove that an unsophisticated consumer would be deceived or misled by them."). This is an objective standard, *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012), and requires a communication to be confusing to "'a significant fraction of the population,'" *id.* at 822 (quoting *Taylor*, 365 F.3d at 574). In cases involving plainly deceptive communications, the Court will grant summary judgment for a plaintiff "without requiring [him] to prove what is already clear." *Ruth*, 577 F.3d at 801. Where a communication is not clearly misleading or confusing on its face, "summary judgment should be granted in favor of the

---

*Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (citing 15 U.S.C. §§ 1692c(a)-(b), 1692e, 1692g). The Defendant admits it is a debt collector, and for purposes of this Entry, the Court assumes, without deciding, that the Defendant's communication that led to the preparation of TransUnion's consumer credit report tradeline is a communication covered by the FDCPA, although whether that is actually the case is not clear.

defendant, unless the plaintiff has presented 'objective evidence of confusion' [by the unsophisticated consumer]." *Sims*, 445 F.3d at 963 (citing *Taylor*, 365 F.3d at 575); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322-23 (7th Cir. 2016) (describing the various evidentiary requirements for the three categories of false, deceptive, or misleading statements and practices claims); *Ruth*, 577 F.3d at 800-801 (same).

Here, the Plaintiff has presented no objective, extrinsic evidence of confusion by the unsophisticated consumer. Rather, in response to the Defendant's motion for summary judgment, he contends the information in the various documents regarding the amount of his debt is clearly misleading on its face. Dkt. No. 46 at 18. The Court does not agree. First, the Defendant's January 29, 2014, letter and the small claims court lawsuit documents, all of which the Defendant received prior to retrieving a copy of his credit report on August 12, 2014, unequivocally show the debt's principal balance as $1,177.49 and contain additional interest amounts, indicating that interest was accruing over time. Each document communicated directly with the Plaintiff and stated the total amount due, including principal and interest charges, on the dates they were issued. Thus, there is nothing in these documents that could possibly be construed as false or misleading.[4]

Although the Plaintiff argues otherwise, TransUnion's presentation of the Defendant's information in its tradeline is not false either. TransUnion provides in its tradeline "Balance" and "Past Due" amounts of "$1,177," which clearly refer to the "principal balance" in the other

---

[4] The Plaintiff contends that the Defendant "misrepresented the amount of the debt by attempting to collect multiple amounts of the same alleged debt." Dkt. No. 46 at 1. However, the documents do not show a misrepresentation of the type the Plaintiff suggests, and they take precedence over contradictory allegations of the parties. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013) (citing *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence.")).

documents.  The Plaintiff argues, however, that both the "Balance" and "Past Due" amounts on the tradeline are false, and therefore misleading, because they do not contain the interest amount owed by the Plaintiff.  In response to the Defendant's motion for summary judgment, the Plaintiff supports his argument, stating that "[the] Defendant's own corporate representative confesses that [the] Defendant communicated a false amount due to a credit reporting agency[,] which constitutes a violation of the FDCPA."  Dkt. No. 46 at 16.  Even when viewing the facts in the light most favorable to the Plaintiff, the Defendant did not "confess" to a violation of the FDCPA.  What the Defendant's representative said follows:

> Q:  So the balance [on TransUnion's tradeline] as of February 18, 2014, was $1,177; is that right?
>
> A:  That is the principal balance.
>
> Q:  Well, let's talk about that.  As the principal balance, did [the Defendant] communicate the principal balance to TransUnion then?
>
> A:  Yes.
>
> Q:  Okay.  And [the Defendant] did not communicate the interest; is that right?
>
> A:  That's correct.
>
> Q:  Okay.  So does that say anything about -- and then it says "past due" [on the tradeline] and it says 1,177 as well; right?
>
> A:  That's what it says, yes.
>
> Q:  And that would have been communicated by [the Defendant] as well; right?
>
> A:  Yes, correct.
>
> . . .
>
> Q:  And so why would there not be the total amount listed on there?

> A: Because the interest changes daily, and I only report [to TransUnion] monthly. So we elected to only report principal due.
>
> Q: But the balance as of February 18, 2014, is actually more than $1,177; is that correct?
>
> A: That still only lists the principal balance on the account as it was assigned to us.
>
> Q: Sure. The balance owed as of February 18, 2014, is actually more than 1,177; isn't that right?
>
> A: The total balance, correct.

Dkt. No. 46-3 at 7-8. Rather than presenting a confession, as the Plaintiff suggests, the Defendant's representative's statements confirm that the "Balance" and "Past Due" amounts presented by TransUnion were provided to it by the Defendant and show the principal balance without interest on February 18, 2014. Even if the Plaintiff wanted the TransUnion tradeline to include the interest amount, the information actually presented is not false, nor, given the other information available to the Plaintiff on February 18, 2014, is it confusing or misleading on its face, even to the unsophisticated consumer. The tradeline shows a value of $1,177, which would have been familiar as the principal balance to anyone reviewing the tradeline after having received the January 29, 2014, dunning letter from the Defendant.[5] Accordingly, there is no triable issue of fact with respect to the amount of the debt presented in any communication the Defendant made to the Plaintiff or to TransUnion. Because there was no false representation of

---

[5] The Court acknowledges that the tradeline information arguably could fall into the category of cases involving "statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer," but to survive summary judgment on that ground, the Plaintiff would have been required to "produc[e] extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive," which he did not do. *Ruth*, 577 F.3d at 800.

the Plaintiff's debt, the Defendant did not violate § 1692e - § 1692e(2), § 1692e(8), or § 1692e(10).[6] Summary judgment is therefore **GRANTED** in favor of the Defendant. In light of this ruling, the Plaintiff's cross motion for summary judgment is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Plaintiff's motion for summary judgment (Dkt. No. 45) and **GRANTS** the Defendant's motion for summary judgment (Dkt. No. 43). This resolves all of the Plaintiff's claims in favor of the Defendant, and final judgment shall be entered accordingly.

SO ORDERED: 9/9/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.

---

[6] The bases for the Plaintiff's § 1692f and § 1692d claims are identical to the grounds for his § 1692e claims. Accordingly, those claims fail for the same reasons that his § 1692e claims fail.